IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SAMUEL CARTER, #A0247045,<br><br>Plaintiff,<br><br>vs.<br><br>PRISON DIRECTOR, *et al.*,<br><br>Defendants. | CIVIL NO. 23-00204 DKW-RT<br><br>ORDER DISMISSING FIRST AMENDED PRISONER CIVIL RIGHTS COMPLAINT WITH LEAVE TO AMEND |

Before the Court is pro se Plaintiff Samuel Carter's First Amended Prisoner Civil Rights Complaint ("FAC") brought pursuant to 42 U.S.C. § 1983.[1] ECF No. 5. Carter alleges that Defendants violated both his Eighth Amendment rights by housing him with two inmates who should have been in quarantine pursuant to COVID protocols, and his First Amendment rights by denying him access to the court.[2] *Id.* at PageID.49–PageID.51. After conducting the required screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court DISMISSES the

[1]Carter is currently incarcerated at the Oahu Community Correctional Center. *See* ECF No. 5 at PageID.45; *see also* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A0247045"; and select "Search") (last visited June 22, 2023).

[2]Carter names as Defendants the "Prison Director" of the Department of Public Safety ("John Doe 1"), the warden of the OCCC ("John Doe 2"), officer "K. Lopes," and three other unnamed correctional officers ("John Doe 3," "John Doe 4," and "John Doe 5"). ECF No. 5 at PageID.45–PageID.46.

FAC with leave to amend. If Carter wants this action to proceed, he must file an amended pleading that cures the noted deficiencies in his claims on or before July 21, 2023. In the alternative, Carter may inform the Court in writing on or before July 21, 2023 that he would like to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), in which case such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).

## I. STATUTORY SCREENING

The Court must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, or in which a plaintiff proceeds in forma pauperis. 28 U.S.C. §§ 1915(e)(2), 1915A(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007) ("Among other reforms, the [Prison Litigation Reform Act of 1995] mandates early judicial screening of prisoner complaints."). During this screening, the Court must dismiss any complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks damages from defendants who are immune from suit. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Harris v. Mangum*, 863 F.3d 1133, 1137 (9th Cir. 2017); *see also Harris v. Harris*, 935 F.3d 670, 675 (9th Cir. 2019) (describing screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)–(b)).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).

*See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, however, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. BACKGROUND[3]

On or about September 19, 2022, two new inmates moved into a cell that Carter had been sharing with one other inmate. *Id.* at PageID.50. According to Carter, the new inmates moved into his cell four days before their COVID quarantine periods had ended. *Id.* One of the new inmates slept on the floor in

[3]Carter's factual allegations are accepted as true for purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

front of Carter's bed and coughed "all the time." *Id.* At some point, Carter and his three cellmates were quarantined and tested positive for COVID. *Id.*

Carter signed the original Complaint on April 28, 2023. ECF No. 1 at PageID.8. On May 25, 2023, the Court dismissed the Complaint with partial leave to amend. ECF No. 4. The Court received the FAC on June 7, 2023. ECF No. 5.

In the FAC, Carter alleges that the Prison Director and OCCC's warden violated the Eighth Amendment by not doing enough "to enforce six feet social and living distancing to control the spread of COVID-19 virus." *Id.* at PageID.49. Carter also alleges that John Doe 3 and John Doe 4 violated his Eighth Amendment rights, but he does not say how. *Id.* at PageID.50. Finally, Carter alleges that Officer Lopes and John Doe 5 violated the First Amendment by denying him access to the court. *Id.* at PageID.51. Carter seeks $800,000 in damages. *Id.* at PageID.52.

## III. DISCUSSION

### A. Legal Framework for Claims under 42 U.S.C. § 1983

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'" *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (quoting 42 U.S.C. § 1983) (alteration in original). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws

of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

**B. Supervisory Liability**

In Count I, Carter alleges that two supervisory officials–that is, the Prison Director and the OCCC Warden–violated the Eighth Amendment by not doing "enough to enforce six feet social and living distancing to control the spread of the COVID-19 virus." ECF No. 5 at PageID.49.

There is no *respondeat superior* liability under 42 U.S.C. § 1983. *Vazquez v. County of Kern*, 949 F.3d 1153, 1166 (9th Cir. 2020). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "A supervisory official may be held liable under § 1983 only if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018) (internal quotation marks and citations omitted). "The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have

known would cause others to inflict a constitutional injury." *Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018) (internal quotation marks and citations omitted).

"Thus, a supervisor may be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (internal quotation marks and citation omitted). A "claim that a supervisory official knew of unconstitutional conditions and culpable actions of his subordinates but failed to act amounts to acquiescence in the unconstitutional conduct of his subordinates and is sufficient to state a claim of supervisory liability." *Keates*, 883 F.3d at 1243 (internal quotation marks and citation omitted).

Here, Carter has not plausibly alleged an Eighth Amendment claim against either the Prison Director or the OCCC Warden. Carter's conclusory statement that these Defendants have "not done enough to enforce six feet social and living distancing to control the spread of COVID-19 virus" is insufficient to state an Eighth Amendment claim. *See Victory v. Allison*, Case No. 1:22-cv-01118-JLT-SAB (PC), 2023 WL 3824827, at *7 (E.D. Cal. June 5, 2023) ("[I]n order to state a cognizable Eighth Amendment claim against the warden, . . . Plaintiff must provide more than generalized allegations that the warden and other defendants

have not done enough regarding overcrowding or prison movement or housing assignment to control the spread [of COVID].”); *Benitez v. Sierra Conservation Ctr., Warden*, Case No. 1:21-cv-00370-BAM (PC), 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021) (“[I]n order to state a cognizable Eighth Amendment claim against the warden . . . , Plaintiff must provide more than generalized allegations that the warden . . . [has] not done enough regarding control[ling] the spread [of the COVID-19 virus].”), *report and recommendation adopted*, Case No. 1:21-cv-00370-BAM (PC), 2021 WL 4593841 (E.D. Cal. Oct. 6, 2021); *Kersh v. Gastelo*, Case No. 2:21-cv-01921-CAS-JDE, 2022 WL 1037754, at *4 (C.D. Cal. Feb. 28, 2022) (“To state a cognizable Eighth Amendment claim regarding COVID-19 prison conditions, a complaint must contain more than generalized allegations that a warden has not done enough to enforce six-feet social and living distancing to control the spread of COVID-19.”), *report and recommendation adopted sub nom. Kersh v. Gastello*, Case No. 2:21-cv-01921-CAS-JDE , 2022 WL 1032389 (C.D. Cal. Apr. 6, 2022). Carter’s claims in Count I are therefore DISMISSED with leave to amend.

**C. Causation**

In Count II, Carter alleges that two unnamed correctional officers—that is, John Doe 3 and John Doe 4—violated the Eighth Amendment because two inmates

who had not finished their quarantine period moved into Carter's cell. ECF No. 5 at PageID.50.

"In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) (citation omitted); *Bearchild v. Cobban*, 947 F.3d 1130, 1150 (9th Cir. 2020) (same). "To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." *Harper*, 533 F.3d at 1026. A defendant's "conduct is an actual cause of . . . injury only if the injury would not have occurred 'but for' that conduct." *White v. Roper*, 901 F.2d 1501, 1505 (9th Cir. 1990) (citation omitted). "The proximate cause question asks whether the unlawful conduct is closely enough tied to the injury that it makes sense to hold the defendant legally responsible for the injury." *Mendez v. County of Los Angeles*, 897 F.3d 1067, 1076 (9th Cir. 2018). "Proximate cause is said to depend on whether the conduct has been so significant and important a cause that the defendant should be legally responsible." *Id.* (internal quotation marks and citation omitted). "[T]he touchstone of proximate cause in a § 1983 action is foreseeability." *Id.* (internal quotation marks and citation omitted).

Here, Carter does not link either John Doe 3 or John Doe 4 to the complained-of conduct. Indeed, neither of these defendants is even mentioned in

the facts supporting Carter's claims in Count II. Thus, any claims against John Doe 3 and John Doe 4 are DISMISSED with leave to amend.

**D. Eighth Amendment**

It is unclear if Carter is also alleging in Count II that the Prison Director and the OCCC warden were somehow personally responsible for moving the two new inmates into his cell. Even assuming that Carter is attempting such claims, Carter has not plausibly alleged a constitutional violation.

The Eighth Amendment governs the treatment of convicted prisoners and forbids "cruel and unusual punishments." U.S. Const. amend. VIII; *see Sandoval v. County of San Diego*, 985 F.3d 657, 67 (9th Cir. 2021). Although the Constitution "'does not mandate comfortable prisons,'" it does not "permit inhumane ones[.]" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). Prison officials, therefore, may not use excessive physical force against prisoners, they "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and [they] must 'take reasonable measures to guarantee the safety of the inmates[.]'" *Id.* (citations omitted).

In general, a prison official violates the Eighth Amendment only when two requirements are satisfied: (1) the deprivation alleged must be, objectively, "sufficiently serious," and (2) the official must have acted with "deliberate indifference" to inmate health or safety. *Id.* at 834 (citations omitted). In order to

be "sufficiently serious," "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]" *Id.* at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Here, Carter has not plausibly alleged that the Prison Director or the OCCC warden were deliberately indifferent to his safety. Carter does not allege that he complained to either the Prison Director or the OCCC warden about the new inmates being moved into his cell, what he said in doing so, or what he was told in response. Carter also does not allege that the Prison Director and OCCC warden otherwise knew that the new inmates had not completed their full quarantine period. In short, Carter has not plausibly alleged that either the Prison Director or the OCCC warden knew of and disregarded an excessive risk to his health or safely. Any claims against the Prison Director and the OCCC warden in Count II are DISMISSED with leave to amend.

**E. First Amendment**

Carter alleges in Count III that Officer Lopes and John Doe 5 violated his First Amendment rights by denying him access to the court. ECF No. 5 at PageID.51.

"The First Amendment guarantees a prisoner . . . a right of meaningful access to the courts." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015). Claims for the denial of access to the courts may arise from "official action [that] frustrates a plaintiff . . . in preparing and filing suits at the present time," or from "specific cases that cannot now be tried[.]" *Christopher v. Harbury*, 536 U.S. 403, 413–14 (2002).

"Whether an access claim turns on a litigating opportunity yet to be gained or an opportunity already lost, the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Id.* at 414–15. A plaintiff must allege, therefore, an "actual injury"—that is, "that a nonfrivolous legal claim ha[s] been frustrated or [i]s being impeded." *Lewis v. Casey*, 518 U.S. 343, 351–53 (1996) (footnotes omitted). "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher*, 536 U.S. at 415. Failure to allege an actual injury to a "'non-frivolous legal claim'" is "fatal."

*Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting *Lewis*, 518 U.S. at 353 & n.4).

Here, Carter has not identified a nonfrivolous legal claim that has been frustrated or is being impeded. Thus, Carter's claims in Count III are DISMISSED with leave to amend. *See Thornton v. Neotti*, 472 F. App'x 757, 758 (9th Cir. 2012) ("The district court properly dismissed [the plaintiff's] access to courts claim because he failed to allege any facts to establish that he has been hindered from pursuing a nonfrivolous claim."); *Ra-o-kel-ly v. Johnson*, 459 F. App'x 652, 653 (9th Cir. 2011) (same).

**F. Doe Defendants**

Carter again has not identified several Defendants by name. *See* ECF No. 5 at PageID.45–PageID.46.

Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an unknown or anonymous defendant. The use of doe defendants is therefore generally disfavored in federal court. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

If the names of individual defendants are unknown at the time a complaint is filed, a plaintiff may refer to the unknown defendants as Defendant John Doe 1,

John Doe 2, John Doe 3, and so on, but he must still allege facts to support how each particular doe defendant violated the plaintiff's constitutional rights. If Carter is able to cure the deficiencies in his claims, he may use the discovery processes for a limited period set by the Court to obtain the names of doe defendants whom he believes violated his constitutional rights and seek leave to amend to name those defendants once identified, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642 (9th Cir. 1980)).

## IV. LEAVE TO AMEND

The FAC is DISMISSED with leave to amend. Carter must file any amended pleading on or before July 21, 2023. Carter may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the FAC. Claims that do not properly relate to those in the FAC are subject to dismissal.

Carter must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights

form. *See* LR99.2(a). An amended complaint will supersede the preceding complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

## V. 28 U.S.C. § 1915(g)

If Carter fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, as described above, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI. CONCLUSION

(1) The FAC, ECF No. 5, is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(ii) and 1915A(b)(1).

(2) Carter must file any amended pleading on or before July 21, 2023.

(3) Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and Carter may incur a strike under 28 U.S.C. § 1915(g).

(4) ALTERNATIVELY, Carter may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

(5) The Clerk is DIRECTED to send Carter a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED: June 23, 2023 at Honolulu, Hawai‘i.




---

*Carter v. Prison Director*; Civil No. 23-00204 DKW-RT; **ORDER DISMISSING FIRST AMENDED PRISONER CIVIL RIGHTS COMPLAINT WITH LEAVE TO AMEND**